UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NAVIGATORS INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-3465 |
| | § | |
| CHRISTIAN BIBLE BAPTIST CHURCH, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is a Motion to Dismiss (Doc. 25) filed by Defendant Christian Bible Baptist Church, Inc. ("Defendant" or "CBBC") arguing that this case should be dismissed because there is a parallel proceeding pending in state court that involves the same facts, circumstances, and parties which Plaintiff Navigators Insurance Company ("Plaintiff" or "Navigators") failed to timely remove.  Also pending is Plaintiffs' Motion to Recoup Costs of Service Pursuant to FRCP 4(d).  (Doc. 13).  Upon review and consideration of the motions, the record in this case, and the applicable law, the Court grants CBBC's motion to dismiss and grants Navigators' motion to recoup costs.

## I.    Background

This is an insurance claim dispute arising out of water damage sustained by CBBC's facility on December 25, 2011.  (Original Compl. ¶ 7, Doc. 1).  Following the damage, CBBC submitted a claim and demand for payment under its property insurance policy (the "Policy") with Navigators.  (*Id.* ¶ 8).  Navigators retained Vericlaim, an independent adjusting firm, which conducted an inspection of the damage and assessed the value of the loss at $109,621.73.  (*Id.* ¶ 9).  Payment of this amount, less the policy deductible, was made by Navigators and accepted

by CBBC in February 2012.  (*Id.*).

On September 17, 2012, CBBC filed suit in Texas state court asserting causes of action against Navigators, Vericlaim, and Vericlaim's individual adjuster, Leonard E. Williams, for breach of contract, unfair claims practices, and deceptive trade practices, among others. (Original Pet., Doc. 9-1).  On October 22, 2012, Navigators filed a motion to abate the state-court action until CBBC complied with the contractual and statutory conditions precedent to filing suit, including the statutory requirement to provide notice of its claims to Vericlaim and Williams.  (Def. Plea in Abatement and Original Answer at 1–2, Doc. 9-2).  In November 2012, the state-court case was automatically abated until "at least sixty days after [CBBC] provides the notice required under the Texas Deceptive Trade Practices Act."  (Doc. 9-3).  The state-court case remained abated for over a year.  (Doc. 1 ¶ 11).

In October 2013, the parties agreed to resolve the disputed claims under the Policy's appraisal procedure.  (*Id.* ¶ 12).  The relevant portion of the Policy provides as follows:

> If "you" and "we" do not agree on the amount of the loss or the value of covered property, either party may demand that these amounts be determined by appraisal.
>
> If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand.  The two appraisers will then select a competent, impartial umpire.  If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge of a court of record in the state where the property is located to select an umpire.

(*Id.* ¶ 13).  The parties designated their appraisers in writing and the appraisers met on November 1, 2013; however, they could not agree upon an umpire.  (*Id.* ¶¶ 14–16).

On November 22, 2013, while the state-court case remained in abatement, Navigators filed the instant suit in this Court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 seeking "that this Court appoint a competent and impartial umpire to preside over the appraisal."

(*Id.* ¶ 18).

In December 2013, CBBC submitted the outstanding statutory demand letters and filed a motion to lift the abatement in the state-court action, which was granted on February 7, 2014. (Pl.'s Mot. to Lift Abatement, Doc. 9-4; Feb. 7 Order, Doc. 25-1).  CBBC also filed a motion to appoint an umpire in the state-court action.  (Pl.'s Mot. to Appoint Umpire, Doc. 9-5).

On February 11, 2014, CBBC filed notice to this Court that the parties had reached an agreement to appoint an umpire without intervention from the state court.  (Feb. 11 Notice, Doc. 11).

On February 25, 2014, Navigators filed its first amended complaint ("FAC") requesting that instead of appointing an umpire, the Court "supervise the appraisal process and provide relief as necessary to enforce Navigators' appraisal rights under the policy, including but not limited to the issuance of an order requiring the provision of receipts, access, documentation, and information by CBBC as necessary to effectuate Navigators' right to a fair and accurate appraisal."  (Pl.'s First Am. Compl. ¶ 23, Doc. 15).

On March 7, 2014, CBBC filed notice to this Court that the appraisal process was completed in accordance with the procedures outlined in the Policy and the award was signed. (March 7 Notice, Doc. 22; Agreed Appraisal Amount, Doc. 25-3).  Pursuant to the appraisal award, Navigators paid the remaining amount due.  (Payment, Doc. 25-4).

Navigators now moves for leave to file a second amended complaint ("SAC") contending that CBBC "continues to dispute that Navigators has complied with its legal obligations with respect to the claim and has failed to acknowledge the binding and conclusive effect of the appraisal award on the parties' dispute concerning the subject property."  (SAC ¶ 4, Doc. 27).  In its SAC, Navigators requests that the Court enter a judgment declaring that (1) "the appraisal

award is binding on the parties and enforceable;" (2) "Navigators' timely payment of the appraisal award constitutes full compliance with its contractual obligations;" (3) "Navigators' timely payment of the appraisal award estops Defendant as a matter of law from asserting extra-contractual claims, whether under the Texas Insurance Code, DTPA, common law, or any other basis of extra-contractual recovery, and that no exception is applicable under these circumstances." (Doc. 27 ¶ 46). Navigators also requests that the Court enjoin CBBC from "taking any actions inconsistent with the binding and enforceable appraisal determination," and moves to recover the fees it incurred due to CBBC's failure to waive service under Rule 4(d) of the Federal Rules of Civil Procedure. (*Id.*).

CBBC did not file a response to Navigators' motion for leave to file an amended complaint. Thus, under local rule 7.4, the motion is deemed unopposed. The Court finds the SAC does not prejudice Defendant or necessitate the filing of an amended motion to dismiss. Therefore considers the pending motion to dismiss Plaintiff's claims as alleged in the SAC.

CBBC moves to dismiss the case on the grounds that Navigators waived federal diversity jurisdiction by failing to timely remove the state-court action, and also arguing that the completion of the appraisal process rendered Navigator's FAC moot. (Def.'s Answer and Mot. to Dismiss Pl.'s FAC ¶¶ 9–10, Doc. 25). In the alternative, CBBC argues that the Court should dismiss the action on the basis of abstention. (*Id.* at 3). Navigators filed a response to CBBC's motion to dismiss arguing that diversity jurisdiction is present as the parties are citizens of different states and the amount in controversy exceeds the jurisdictional limit. (Pl.'s Am. Response to Def.'s Motion to Dismiss at 3, Doc. 27-4). In addition, Navigators argues that abstention is not warranted in this case. (*Id.* at 4).

Based on the factual and procedural history of this case, the Court concludes the

doctrines of abstention, rather than the removal statutes, should govern the Court's analysis of Defendant's motion to dismiss since the instant suit originated in state court and was not removed.

## II.    Legal Standard

"As a general rule, federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction in proper cases." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). "This obligation does not evaporate simply because there is a pending state court action involving the same subject matter." *Id.* at 813–14. "In situations involving the contemporaneous exercise of concurrent jurisdictions," governing principles "rest on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of the litigation.'" *Id.* (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)).

The Fifth Circuit considers whether to abstain from exercising jurisdiction over a case because of a parallel state proceeding under either the *Brillhart* or *Colorado River* abstention doctrines. *New Eng. Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009). "*Brillhart* abstention is applicable '[w]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action.'" *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 652 (citing *Southwind Aviation, Inc. v. Bergen Aviation, Inc.*, 26 F.3d 948, 950 (5th Cir. 1994). *Colorado River* abstention is applicable in cases involving coercive relief. *Barnett*, 561 F.3d at 396. "Coercive relief" includes injunctive relief and damages. *Great Lakes Dredge & Dock Co., LLC v. Larrisquitu*, Civ. A. No. H-06-3489, 2007 WL 2330187, at *8 (S.D. Tex. Aug. 15, 2007 (citing *Black Sea Inv.*, 204 F.3d at 649–50)). "Under *Brillhart*, courts have broad discretion to abstain; under *Colorado River*, federal courts may abstain in favor of parallel state-court actions

only under "exceptional circumstances." *Larrisquitu*, 2007 WL 2330187, at *8.  When an action includes claims for both declaratory and coercive relief, courts apply *Colorado River* unless the claim for coercive relief is clearly frivolous, premature, or added as a means of defeating *Brillhart*. *Barnett*, 561 F.3d at 395–96 (citing *Trent v. Nat'l City Bank of Ind.*, 145 F. App'x 896, 898 (5th Cir. 2005) (per curiam) (unpublished); *Essex Ins. Co. v. Bourbon Nite-Life L.L.C.*, CIv. A. No. 05-0784, 2006 WL 304563, at *3 (E.D. La. Feb. 9, 2006)); *PPG Indus. Inc. v. Cont'l Oil Co.*, 478 F.2d 674, 679 (5th Cir. 1973) (citing *Pub. Serv. Comm'n of Utah v. Wycoff Co., Inc.*, 344 U.S. 237, 244 (1952) ("If the prayer for injunctive relief could be determined to be frivolous or premature or otherwise 'wanting in equity,' then the suit could be considered solely a declaratory judgment action and the *Brillhart* holding would clearly apply.")).

## III.   Discussion

In its response to CBBC's motion to dismiss, Navigators insists that *Brillhart* abstention is inapplicable to its claims because the SAC requests injunctive relief and attorney's fees under Federal Rule Civil Procedure 4(d).  The relief requested by Navigators' has changed between the Original Complaint and the SAC.  In the Original Complaint, Navigators requested only that the Court appoint an umpire.  Once the parties agreed to an umpire, Navigators modified the complaint to request that the Court oversee the appraisal process and issue an order requiring CBBC to provide "receipts, access, documentation, and information" to ensure a fair and accurate appraisal.  Now that the appraisal process is complete, and while CBBC's motion to dismiss is pending, Navigators again modified the complaint a third time to request a declaratory judgment "that the appraisal award is binding and enforceable on both parties" and "that Navigators had fulfilled its legal obligations under the Policy."  In addition, Navigators requests that the Court enjoin CBBC from "taking any actions inconsistent with the appraisal

determination" and filed the separate motion to award Navigators the fees it incurred as a result of CBBC's failure to waive service.

The Court finds that Navigators' request for fees pursuant to Federal Rule of Civil Procedure 4(d) does not qualify as a request for coercive relief that triggers analysis under *Colorado River.  See Trent*, 145 F. App'x at 898 n.3 ("[T]his court has never held that a request *solely* for attorney's fees constitutes a request for coercive relief and we decline to [do] so here… To rule otherwise would essentially swallow the entire *Brillhart* doctrine since most complaints contain boiler plate requests for costs and attorney's fees.").

With regard to Navigators' request for an injunction, it is apparent that Navigators has added its vague and premature request for injunctive relief while CBBC's motion to dismiss was pending in a calculated effort to thwart *Brillhart* abstention.  Navigators requests without any supporting facts or evidence that the Court enjoin CBBC from "taking any actions inconsistent with the binding and enforceable appraisal determination."  (Doc. 27 ¶ 40).  An injunction should not issue unless the plaintiff shows a "substantial threat of irreparable injury."  *See Speaks v. Kruse*, 445 F.3d 396, 399 (5th Cir. 2006).  Navigators has failed to provide factual support for its claim for injunctive relief.  Its request is conclusory and fails to demonstrate why it believes it will suffer irreparable harm.  Thus, the SAC is properly treated as a pure declaratory judgment action and the analysis under *Brillhart*, not *Colorado River*, applies.  *See Trent*, 145 F. App'x 896, 898.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a) provides, "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."  It is "an enabling Act, which confers discretion on the courts rather

than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "[T]he Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Id.* at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and judicial administration." *AXA Re Prop. & Cas. Co. v. Day*, 162 F. App'x 316, 319 (5th Cir. Jan. 11, 2006) (unpublished) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)) (A federal district court may decline to decide a declaratory judgment action where it would be "uneconomical as well as vexatious for a federal court to proceed…where another suit is pending in state court presenting the same issues…between the parties.").

The Fifth Circuit considers the following three factors in deciding whether to retain or dismiss a federal declaratory judgment action: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief (whether the Anti-Injunction Act, 28 U.S.C. § 2283, applies; and (3) whether to exercise its discretion to decide or dismiss the action." *Sherwin-Williams v. Holes Cnty.*, 343 F.3d 383, 387 (5th Cir. 2003). With regard to the last factor, the Fifth Circuit has articulated seven nonexclusive factors that a district court must consider in exercising its discretion to retain or dismiss the action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
>
> (5) whether the federal court is a convenient forum for the parties and witnesses;

(6) whether retaining the lawsuit would serve the purposes of judicial economy; and

(7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*St. Paul Ins. Co. v. Trejo*, 39 F.3d 585, 591–91 (5th Cir. 1994).   These factors "must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs."  *Vulcan Materials Co.v. City of Tehuacana*, 238 F.3d 382, 391 (5th Cir. 2001). The *Trejo* factors address three concerns: federalism, fairness and improper forum shopping, and efficiency.  *Sherwin-Williams Co.*, 343 F.3d at 390–91.

### A.    Justiciability

To be justiciable under the first step, the issue is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Day*, 162 F. App'x. at 319 (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270 (1941).  "For a declaratory judgment action to be justiciable, it 'must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop.'"  *Id.* (citing *Brown & Root, Inc. v. Big Rock Corp.*, 3836 F.3d 662, 665 (5th Cir. 1967)).

In the instant suit, the parties have settled their dispute with regard to the amount of CBBC's loss and Navigators' liability for that loss under the terms of the Policy, and Navigators has tendered a check to CBBC in full satisfaction of the appraisal award.  Navigators, however, vaguely contends that CBBC has "failed to acknowledge the binding and conclusive effect of the appraisal award on the parties' dispute."  Presumably, this complaint stems from the ongoing

state-court proceedings on CBCC's extra-contractual claims.  The Declaratory Judgment Act is intended to "afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued."  *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989).  The pending state court proceeding presents a substantial controversy between the parties in this action.  Therefore, the Court concludes that the effect of the appraisal award on CBBC's extra-contractual claims presents a justiciable issue and proceeds to the next factor.

### B.      Authority to Grant Relief

"The Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act."  *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir. 1993).  Thus, a court does not have authority to decide the merits of a declaratory judgment action when (1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involved the same issues as those in federal court; and (3) the district court is barred from enjoining the state proceedings under 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").  *Id.*  "[I]ssuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity."  *Id.* (citing *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491, 505 (5th Cir. 1988) (en banc)).

As to timing of the suits, Navigators filed the instant suit more than a year after CBBC filed suit in state court.  This factor suggests that the Court lacks authority to grant the requested

declaratory relief.  With regard to the issues raised, both suits implicate essentially the same issue, the effect of the appraisal award on CBBC's extra-contractual claims.  As such, this factor likewise implies a lack of authority to enter the declaratory judgment.  Lastly, the third factor requires the Court to consider whether the Anti-Injunction Act prevents the Court from enjoining the state-court action.  The Act "precludes this court from issuing an injunction against the continued litigation of the state-court actions and from issuing a declaratory judgment that the state-court suits cannot continue."  *Larrisquitu*, 2007 WL 2330187, at *10.  Under the Act, "the presumption is that state courts are the best arbiters of state court jurisdiction; thus, state proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court.'"  *Total Plan Serv. Inc. v. Tex. Retailers Ass'n, Inc.*, 925 F.2d 142, 144 (5th Cir. 1991) (citing *Atl. Coast Line R.R. v. Brotherhood of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970)).  "Thus, 'any doubts are to be resolved in favor of allowing the state court action to proceed.'"  *Id.* (citing *Jackson*, 862 F.2d at 499).

Here, Navigators request a declaratory judgment that "Navigators' timely payment of the appraisal award estops Defendant as a matter of law from asserting extra-contractual claims…" (Doc. 27 ¶ 46).  As such, the obvious effect of the Court's granting the requested relief would be to enjoin the state-court proceedings in direct violation of the Anti-Injunction Act.  Navigators does not contend that any of the exceptions under the Act apply here, and the Court concludes that they do not.  Therefore, § 2283 bars the Court from granting the requested relief.

Having determined that authority to decide the case is lacking, the Court declines to address to *Trejo* factors in considering whether to exercise its discretion to decide or dismiss the case.  Defendant's motion to abstain and dismiss is granted.

**IV.     Navigators' Motion to Recoup Costs of Service**

Navigators' requested that CBBC waive the cost of service in this action and CBBC declined.  Navigators now moves to recover $273.53 for the cost of formal service, $637.50 for the cost of preparing the motion to recover fees, and an additional $892.50 for the cost of preparing the reply. (Mot. to Recoup Costs ¶ 4–5, Doc. 13; Reply in Support of Mot. to Recoup Costs at 4, Doc. 30).

Rule 4(d)(2) provides that if a defendant in the United States fails, without good cause, to sign and return a waiver requested by a plaintiff in accordance with Rule 4(d)(1), "the court must impose on the defendant" the expenses incurred in making service and the "reasonable expenses, including attorney's fees, of any motion required to collect those service expenses."  Fed. R. Civ. P. 4(d)(2).  Navigators submitted evidence of its attempt to provide a waiver to CBBC.  (Request for Waiver of Service, Doc. 13-2).

CBBC does not deny that it failed to comply with Navigators' request for waiver of service of process, but contends that it did not respond because CBBC's registered agent "had genuine factual confusion as to the validity of the documents."  (Def.'s Resp. to Pl.'s Mot. to Recoup Costs ¶ 12, Doc. 24).  This confusion "resulted from the fact that [CBBC's agent] believed any dispute between [the parties] was already proceeding in Fort Bend County State Court."  (*Id.*; Aff. of Rudolph White, Doc. 24-1).  CBBC further contends that it should not have to pay "attorney fees and expenses to file a frivolous lawsuit."  (*Id.* ¶ 14).

Neither of CBBC's proffered reasons for failing to waive service constitutes good cause. *See* Fed. R. Civ. P. 4(d)(2) Advisory Committee Note on 1993 Amendment ("A defendant failing to comply with a request for a waiver shall be given an opportunity to show good cause for the failure, but sufficient cause should be rare.  It is not good cause for failure to waive service that

the claim is unjust or that the court lacks jurisdiction.").   Further, an agent authorized by appointment to receive service of process on behalf of an organization is presumably able to read and understand the face of the summons.   It is not reasonable that CBBC's agent ignored Navigators' request because he believed the dispute was pending in state court only.   The summons and request for waiver clearly indicated otherwise.   Accordingly, CBBC has not shown good cause for failure to waive service and Navigators is entitled to recover $273.53 for the cost of formal service upon CBBC pursuant to Rule 4(d)(2)(A).

In addition, Navigators is entitled to recover "reasonable expenses, including attorney's fees," incurred in preparing the motion to recover the Rule 4(d)(2)(A) expenses.   Navigators' request is accompanied by the affidavit of Benjamin Motal which states that Navigators incurred $637.50 in legal fees for his efforts in preparing the instant motion.   (Aff. of Benjamin Motal ¶ 7, Doc. 13-1).   CBBC argues in its response that Navigators should not be entitled to recover its attorney's fees as it failed to provide evidence to support the amount of its request since it did not provide any time and expense reports.   (Doc. 24 ¶ 2).   Navigators filed a reply attaching another affidavit from Benjamin Motal which explains that he spent 2.5 hours drafting the motion which were billed at a rate of $255 per hour.   The Court finds that the amount requested is objectively reasonable and concludes that Navigators is entitled to recover $637.50 for preparing the motion to recover the cost of service.

Navigators also seeks to recover $892.50 in legal fees incurred in preparing its reply brief.   (Doc. 30 at 4).   Rule 4(d)(2)(B) allows a plaintiff to recover the reasonable expenses incurred in "any motion *required* to collect those service expenses."   Fed. R. Civ. P. 4(d)(2)(B) (emphasis supplied).   Courts in this district have denied similar requests to recover attorney's fees incurred in submitting an optional reply brief.   *See Rick's Cabaret Int'l, Inc. v. Indem. Ins.*

*Corp.*, No. H-11-3716, 2012 WL 208606, at *5 (S.D. Tex. Jan. 24, 2012).  The Court agrees that an award of fees incurred in filing the optional reply is not warranted in this case and denies Navigator's request.

Plaintiffs are entitled to recover $273.53 in expenses incurred in obtaining formal service and $637.50 in legal fees incurred in preparing the Motion to Recoup Costs of Service, for a total of $911.03.

## V.  Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Christian Bible Baptist Church, Inc.'s Motion to Dismiss (Doc. 25) is **GRANTED, without prejudice**.  It is further

**ORDERED** that Plaintiff Navigators' Insurance Company's Motion to Recoup Costs of Service (Doc. 13) is **GRANTED** in the amount of $911.03.

All other pending motions are denied as moot.

SIGNED at Houston, Texas, this 28th day of April, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE